UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-00281-AN |
| v. | INFORMATION |
| YURIY VIKTOROVICH VASILCHUK, | 18 U.S.C. § 1343 |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   **YURIY VIKTOROVICH VASILCHUK**, defendant herein, was a resident of Portland, Oregon.  **VASILCHUK** was convicted of felony offenses in the Superior Court of Washington County of Clark case number 17-1-00054-0.  On November 8, 2017, **VASILCHUK** pled guilty to multiple offenses, including under Revised Code of Washington 9A.52.025, Residential Burglary, and Revised Code of Washington 9A.60.020, Forgery.

2.   On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law.  The CARES Act created the Paycheck Protection Program (PPP), which authorized the Small Business Administration ("SBA") to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the

**Indictment**                                                                                                                                  **Page 1**

borrowers. The Act required lenders making loans under the PPP to defer all repayment obligations for not less than six months on such loans and required borrowers to certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments."

3. In order to obtain a PPP loan, an applicant was required to provide information about the subject business's operations, such as the date of opening, number of employees, average payroll expenses, and past revenues. The applicant was also required to certify that he or she had not suffered any disqualifying criminal convictions and that all the information in the application was true and correct to the best of the applicant's knowledge.

4. The authorized representatives of each PPP loan applicant was also required to make various certifications, including the following:

   a. That all loan proceeds would "be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments";

   b. That within the last 5 years the applicant has not been convicted, pleaded guilty, pleaded nolo contendere, or commenced any form of parole or probation for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or any application for federal financial assistance; and,

   c. That all the information in the application and the information "provided in all supporting documents" was true and accurate in all material respects.

5. PPP loan applications were submitted over the Internet to participating lenders via the SBA's computer servers. PPP loan applications submitted after January 11, 2021, were routed through servers located in the State of Oregon.

6. The SBA, Office of Inspector General (OIG), has direct access to PPP data of which records may be used for the purpose of investigations relating to the PPP and the EIDL Program and any resulting criminal, civil, or administrative proceedings.

7. Chime Bank LLC is a financial institution that is insured by the Federal Deposit Insurance Corporation ("FDIC").

## COUNT ONE

### (Wire Fraud)
### (18 U.S.C. § 1343)

8. All prior paragraphs of this Indictment are incorporated herein.

### THE SCHEME

9. From on or about March 10, 2021, and continuing through on or about November 8, 2021, defendant **VASILCHUK** devised and intended to devise a material scheme to defraud the SBA and various financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

10. Specifically, **VASILCHUK** applied for and secured PPP loans by submitting applications containing false information with the intent to steal and to convert the proceeds of those loans to his personal use and without any intent to repay those loans or to use the proceeds thereof for any authorized purpose.

### MANNER AND MEANS

It was part of this scheme that:

11. On or about March 10, 2021, **VASILCHUK** applied for a PPP loan by submitting SBA PPP application number 30009570 to the SBA.

12. On SBA PPP application number 30009570, under penalties of perjury, **VASILCHUK** certified that within the past five years he had not been convicted of or pled guilty to a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or any application for federal financial assistance. **VASILCHUK** certified that all the information in the application was true and correct to the best of his knowledge.

13. Based on the information provided in application number 30009570, on or about May 1, 2021, PPP loan number 63104989-04 in the amount of $12,368 was funded and disbursed to **VASILCHUK**'s Chime Bank account ending in digits 1276.

14. After receiving the proceeds of the PPP, **VASILCHUK** spent the proceeds thereof on personal expenses.

All in violation of Title 18, United States Code, Sections 1343.

Dated: August 22, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ Rachel Sowray
RACHEL SOWRAY, OSB #095159
Special Assistant United States Attorney